IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL MARTINKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-00541-GKF-JFJ |
| ) | |
| (1) PENNWELL CORPORATION ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Defendant PennWell Corporation ("PennWell"), pursuant to FED. R. CIV. P. 12(b)(6), hereby moves the Court to dismiss the first cause of action in Plaintiff's Complaint (Doc. No. 1) because Plaintiff has failed to establish satisfaction of a precondition to bringing suit for a copyright infringement claim.[1] In support of its Motion to Dismiss, PennWell provides the following brief.

**BRIEF IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION.**

Plaintiff filed this copyright infringement action, alleging that PennWell unlawfully copied a photograph taken by Plaintiff, in violation of the United States Copyright Act of 1976, as amended. 17 U.S.C. §§ 101-1332. (Doc. No. 1.). In his Complaint, Plaintiff alleges he registered the photograph with the Copyright Office, and was given a registration number, VA 2-103-824. (Doc. No. 1, p. 3, ¶ 10). This number, however, is given upon application and does not establish acceptance (or "registration" by the Copyright Office), or that Plaintiff received a certificate of

---

[1] PennWell does not move to dismiss Plaintiff's second cause of action. PennWell respectfully submits that, following the Court's determination on this Partial Motion to Dismiss, PennWell shall file an Answer as to all remaining claims.

registration for the photograph, which one would logically expect Plaintiff to attach as an exhibit, particularly when Plaintiff attached three (3) other exhibits to his Complaint. (Doc. Nos. 1-1. 1-2 and 1-3). Therefore, it appears Plaintiff applied for, but has not received, a certificate of registration for the photograph, which is a prerequisite to filing a federal copyright infringement action in the Tenth Circuit. Plaintiff's first cause of action must be dismissed.

## II.   MOTION TO DISMISS STANDARD.

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

## III.   ANALYSIS.

To prevail on a claim of copyright infringement, a Plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012). The owner of a valid copyright "is entitled,

subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).

The United States Supreme Court, in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 176 L. Ed. 2d 18 (2010), held that § 411(a) imposes a non-jurisdictional precondition—copyright registration—that a plaintiff ordinarily must satisfy before filing copyright infringement claims. *Id.* at 1241.

To prove that the copyright registration element is satisfied, the Tenth Circuit holds that a plaintiff can only bring a suit for copyright infringement after "a copyright is registered, and such **registration occurs when the Copyright Office approves the application**." *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203-04 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier*, 130 S.Ct. at 1247. (Emphasis added). The circuit court explains "registration" as follows:

> The most important step necessary before instituting an infringement action is registering one's copyright. Registration is satisfied by completing the following steps:
>
> a. application and payment of fee, § 408;
>
> b. deposit of a copy of the copyrightable material, § 408;
>
> c. examination by the Register of Copyrights, § 410;
>
> d. registration (or refusal to register) by the Register, § 410;
>
> e. issuance of certificate of registration, § 410.

*La Resolana*, 416 F.3d at 1200. As such, the Tenth Circuit rejects the proposition that a work is registered within the meaning of § 411(a) upon mere submission or filing of a copyright application. Rather, the statute requires "actual registration by the Register of Copyrights." *Id.* at 1205.

Here, Plaintiff alleges the photograph "was registered" with the U.S. Copyright Office, and provides a "Copyright Registration Number." Complaint. (Doc. No. 1, p. 3, ¶ 10). That representation, however, is a bit misleading. A review of the United States Copyright Office Public Catalog only shows that Plaintiff, like all applicants, filed an application and was routinely assigned a registration number pending approval or denial. *Compare* Exhibit 1, Public Catalog results identifying a pending application with an assigned registration number for Plaintiff from less than two (2) months ago, and Exhibit 2, the Public Catalog results for the relevant application made here. A registration number only means an application has been filed, and fails to establish that Plaintiff has satisfied the five-step "registration" process, identified and quoted above in *La Resolana*, necessary to bring suit in this jurisdiction.

Under FED. R. CIV. P. 12(b)(6), a plaintiff must plead specific factual allegations to support each claim such that they "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Here, merely providing a registration number as proof of acceptance, rather than a true and correct copy of a Certificate of Registration, does not raise a right to relief above the speculative level. This pre-condition to Plaintiff's right to file a copyright infringement case in this Court should not be shrouded in uncertainty; Plaintiff's copyright infringement cause of action must be dismissed.

## CONCLUSION

Plaintiff has failed to state a viable claim for copyright infringement upon which relief can be granted. The Tenth Circuit Court of Appeals requires that a five-step registration process be successfully completed before Plaintiff can bring a suit for copyright infringement. Submitting an application—and obtaining a registration number for doing the same—does not establish that the application has been examination by the Register of Copyrights; approved by the Register; and, a

Certificate of Registration issued, to meet the "registration" requirement in this circuit. Indeed, the "most important step necessary before instituting an infringement action" has not been satisfied.[2] Dismissal is just and proper.

| | |
|---|---|
| Dated:   November 12, 2018 | Respectfully submitted, |

HALL, ESTILL, HARDWICK, GABLE, GOLDEN
& NELSON, P.C.

*s/ Keith A. Wilkes*
Keith A. Wilkes, OBA 16750
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
kwilkes@hallestill.com

**ATTORNEYS FOR DEFENDANT
PENNWELL CORPORATION**

---

[2] *La Resolana*, 416 F.3d at 1200.

## CERTIFICATE OF SERVICE

☒  I hereby certify that on November 12, 2018, I served the foregoing document by mail on the following, who is not a registered participant of the ECF System:

Richard P. Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

*/s/ Keith A. Wilkes*
Keith A. Wilkes